1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10   ARTHUR FISCHMAN, derivatively          CASE NO. 16-cv-1006-WQH-AGS
     on behalf of SEMPRA ENERGY and
11   SOUTHERN CALIFORNIA GAS               ORDER
     COMPANY,
12
                          Plaintiff,
13
             v.
14   DEBRA L. REED; JOSEPH A.
     HOUSEHOLDER; STEVEN D.
15   DAVIS; JUSTIN C. BIRD; WILLIAM
     C. RUSNACK, WILLIAM D. JONES;
16   WILLIAM G. OUCHI; JAMES G.
     BROCKSMITH, JR.; WILLIAM P.
17   RUTLEDGE; LYNN SCHENK,
     ALAN L. BOECKMANN; JACK T.
18   TAYLOR; JAMES C. YARDLEY;
     KATHLEEN L. BROWN; PABLO A.
19   FERRERO; LUIS M. TELLEZ;
     DENNIS V. ARRIOLA; JIMMIE I.
20   CHO; MICHAEL M. SCHNEIDER;
     DOUG SCHNEIDER; SCOTT
21   FURGERSON; GEORGE MINTER; J.
     BRET LANE; MARTHA B.
22   WYRSCH; JESSE J. KNIGHT, JR;
     and DOES 1-25, Inclusive,
23
                          Defendants,
24   and

25   SEMPRA ENERGY; and
     SOUTHERN CALIFORNIA GAS
26   COMPANY
                     Nominal Defendants.
27   HAYES, Judge:

28        The matter before the Court is the motion for voluntary dismissal of this action

                                    - 1 -                    16cv1006-WQH-AGS

1 without prejudice. (ECF No. 62).

2 **I.     Background**

3          On April 25, 2016, Plaintiff Arthur Fischman, derivatively on behalf of Sempra

4 Energy ("Sempra") and Southern California Gas Company ("SoCalGas"), initiated this

5 action by filing a shareholder derivative complaint against members of the Board of

6 Directors of both companies for their actions relating to a natural gas leak at the Aliso

7 Canyon natural gas storage facility. (ECF No. 1).  On August 1, 2016, the Nominal

8 Defendants Sempra and SoCalGas filed a motion to dismiss with prejudice on the

9 grounds that Plaintiff failed to adequately plead facts to demonstrate demand futility

10 pursuant to Federal Rule of Civil Procedure 23.1.  (ECF No. 34).

11          On March 3, 2017, the Court granted Nominal Defendants' motion to dismiss and

12 dismissed the complaint without prejudice. (ECF No. 61).  The Court directed Plaintiff

13 to file any motion for leave to amend his complaint within thirty days of the court order

14 being issued. *Id.* at 25.  On April 28, 2017, Plaintiff moved for voluntary dismissal

15 without prejudice pursuant to Federal Rule of Civil Procedure 42(a)(2).  (ECF No. 62).

16 In support of Plaintiff's motion, Plaintiff attached a declaration of Plaintiff's counsel,

17 Francis A. Bottini, Jr.  (ECF No. 62-1).

18          May 22, 2017, Defendants jointly responded in opposition to Plaintiff's motion

19 for voluntary dismissal without prejudice.  (ECF No. 63).  On May 36, 2017, Plaintiff

20 replied to Defendants' joint response in opposition.  (ECF No. 64).  On June 9, 2017,

21 Defendants filed a supplemental brief in support of their response in opposition.  (ECF

22 No. 65).  On June 12, 2017, Plaintiff responded to Defendants' supplemental brief.

23 (ECF No. 66).

24 **II.     Contentions of the Parties**

25          In Plaintiff's counsel's declaration, Mr. Bottini states that "Plaintiff has decided

26 that, instead of seeking leave to amend his complaint, he would exercise his right under

27 Rule 41(a)(2) to voluntarily dismiss his action without prejudice."  (ECF No. 62-1 at

28 1; Bottini Decl. ¶ 5).  Plaintiff contends that Defendants bear the burden of showing a

"prejudice to some legal interest, some legal claim, some legal argument." (ECF No. 64 at 11 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996))). Plaintiff contends that "[n]o law or facts supports Defendants' claim of 'legal prejudice.'" *Id.*

Defendants contend that the Court should dismiss the action with prejudice for three separate reasons. (ECF No. 63). First, Defendants contend that "dismissal without prejudice is not appropriate when it would result in plain legal prejudice to the defendant[s]." *Id.* at 2. Second, Defendants contend that "[a] derivative action should be dismissed with prejudice when a plaintiff fails to sufficiently plead satisfaction of the demand requirement and has made no showing an amendment would cure the deficiency." *Id.* at 3. Third, Defendants contend that Plaintiff's motion for voluntary "dismissal without prejudice is invalid because . . . it [is] an attempt to avoid the imminent dismissal of his claims with prejudice for failure to meet the standing requirement for his derivative action." *Id.* at 5.

## III. Ruling of the Court

Rule 41(a)(2) of the Federal Rules of Civil Procedure states:

> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

"Rule 41 vests the district court with discretion to dismiss an action at the plaintiff's instance upon such terms and conditions as the court deems proper. That broad grant of discretion does not contain a preference for one kind of dismissal or another." *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). If a court determines that dismissal should be conditioned upon certain terms, the plaintiff requesting dismissal "has the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion

1  and proceeding with the case on the merits." *Lau v. Glendora Unified School Dist.*, 792

2  F.2d 929, 930-31 (9th Cir. 1986).  The court must allow the plaintiff a "reasonable

3  period of time within which to refuse the conditional voluntary dismissal by

4  withdrawing her motion for dismissal or to accept the dismissal despite the imposition

5  of conditions." *Id.* at 931.

6      "A district court should grant a motion for voluntary dismissal under Rule

7  41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a

8  result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).  Plain legal prejudice is

9  defined in the Ninth Circuit as "prejudice to some legal interest, some legal claim, some

10  legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir.

11  1996).  "Plain legal prejudice, however, does not result simply when defendant faces

12  the prospect of a second lawsuit or when plaintiff merely gains some tactical

13  advantage." *Hamilton v. Firestone Tires & Rubber Co.*, 679 F.2d 143, 145 (9th Cir.

14  1982).

15      Defendants bear the burden of showing a "prejudice to some legal interest, some

16  legal claim, some legal argument." *Westlands*, 100 F.3d at 97; *Lenches*, 263 F.3d at

17  975.  Defendants have not shown that a dismissal without prejudice would result in

18  legal prejudice.  The inconvenience of another lawsuit does not constitute legal

19  prejudice. *Hamilton*, 679 F.2d at 145.  The Court concludes that Defendants would not

20  suffer a legal prejudice if this action is dismissed without prejudice.  Plaintiff's motion

21  for voluntary dismissal of this action without prejudice is granted. (ECF No. 62).

22  **V.    Conclusion**

23      IT IS ORDERED that Plaintiff's motion to voluntary dismiss this action without

24  prejudice is GRANTED. (ECF No. 62).

25  DATED:  August 4, 2017

26  **WILLIAM Q. HAYES**
   United States District Judge

27

28